# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

EXOBOX TECHNOLOGIES CORP.,

    Plaintiff,

vs.

ZACHARY TSAMBIS,

    Defendant.

Case No. 2:14–cv–501–RFB–VCF

**ORDER**

    This matter involves Exobox Technologies' civil action against Zachary Tsambis for intentional interference with Exobox's business and civil conspiracy. Before the court is Attorney Suzanne DuBose's Motion to Withdraw (#33) and Attorney Jacob Reynolds' Motion to Withdraw (#35). For the reasons stated below, the motions are granted.

## BACKGROUND

    On October 7, 2014, the court granted Exobox's motion to compel, which Tsambis opposed on the grounds that complying with Exobox's discovery request would violate the attorney-client privilege. Tsabmis's attorney appeared to argue that compliance with Exobox's discovery request would violate the attorney-client privilege because one of the request sought information from one of the attorney's other clients. The court noted, "[t]he record is unclear on whether Tsambis' attorney is also the attorney for the alleged unnamed co-conspirators. If this is the case, then the attorney may have a concurrent conflict of interest requiring withdrawal. *See* NEV. R. PROF'L CONDUCT 1.7(a)(2), *adopted by* LR IA 10-7(a) ("A concurrent conflict of interest exists if . . . [t]here is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client"). If Tsambis' attorney is required to disclose information in this action that may conflict with the interests of the alleged co-conspirators, then a conflict exists." (*See* Order #32). Now, Attorney Suzanne DuBose

moves to withdraw on these grounds and Attorney Jacob Reynolds, Tsambis' local counsel, moves to withdraw because Tsambis is no longer paying his bills.

## DISCUSSION

Under Local Rule IA 10–6(b), "[n]o attorney may withdraw after appearing in a case except by leave of [c]ourt after notice has been served on the affected client and opposing counsel." "Except for good cause shown, no withdrawal or substitution shall be approved if delay of discovery, the trial or any hearing in the case would result." LR IA 10–6(e). Nevada Rule of Professional Conduct 1.7(a)(2), *adopted by* LR IA 10-7(a), states that "[a] concurrent conflict of interest exists if . . . [t]here is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." Additionally, Nevada Rule of Professional Conduct 1.16(b)(5) provides that a lawyer may withdraw if the "client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."

Based on the existence of a conflict of interest and Tsabmis' failure to fulfill his obligations, the court grants Suzanne DuBose and Jacob Reynolds' motions to withdraw.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Attorney Suzanne DuBose's Motion to Withdraw (#33) is GRANTED.

IT IS FURTHER ORDERED that Attorney Jacob Reynolds' Motion to Withdraw (#35) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court will mail a copy of this order to Plaintiff at the following address: Zachary Tsambis, P.O. Box 35, Cheswick PA 15024.

IT IS FURTHER ORDERED that Zachary Tsambis must either retain counsel or file a notice of appearing *pro se* within 30 days from the entry of this order.

DATED this 6th day of November, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE