# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

EXOBOX TECHNOLOGIES CORP.,

        Plaintiff,

vs.

ZACHARY TSAMBIS,

        Defendant.

2:14-cv-00501-RFB-VCF

**ORDER**

Before the court are the following motions:

1. Motion to Amend Complaint (#38),

2. Plaintiff's Motion to Extend Time for Discovery and Order (#40),

3. Motion for Additional Time to Retain New Counsel (#43).

**BACKGROUND:**

This case involves Exobox Technologies Corp.'s ("Exobox") unsuccessful attempt to merge with another company. Exobox alleges that co-conspirators unlawfully interfered to disrupt the merger. Exobox claims that Defendant Zachary Tsambis conspired with others to file a meritless lawsuit in Harris County, Texas. Exobox states that, [a]lthough the Texas Case was styled as a derivative action, Tsambis failed to comply with procedural rules and filed the procedural rules and filed the Texas Case only because he and his financial backers (other Exobox shareholders) wanted to halt Exobox's proposed merger." (#38). Exobox claims that this caused the unsuccessful merger. *Id.*

During discovery, Exobox has been able to identify additional alleged conspirators; thus, plaintiff seeks to amend its complaint to include the names of the new defendants.

The court held a hearing on January 16, 2015 and heard representations from Plaintiff. Defendant was not present. To date, Defendant has not filed an opposition to the Motion to Amend or the Motion to Extend Time for Discovery.

**DISCUSSION:**

Plaintiff's motion to amend its complaint should be granted for two reasons. First, the motion remains unopposed. Pursuant to Local Rules 7-2(b) and (d), oppositions must be filed "fourteen days after service of the motion" and that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Plaintiff filed its motion to amend on November 17, 2014. To date, no opposition has been filed. As such, Defendant may be deemed to have consented to the granting of the motion under Local Rule 7-2(d).

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. *See* FED. R. CIV. P 15. Where, as here, more than twenty-one days have elapsed since serving the original pleading and the time to amend has passed, a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, courts deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Here, the court finds that Plaintiff has given sufficient reasons necessary to grant the Motion to Amend Complaint to add the newly discovered defendants. It appears that no prejudice to the Defendant will result from the granting of Plaintiff's Motion to Amend the Complaint. As such, the motion to amend is granted.

Accordingly and for good cause shown,

IT IS HEREBY ORDERED that the Motion to Amend Complaint (#38) is GRANTED.

IT IS FURTHER ORDERED that the amended complaint must be filed by January 23, 2015. The last day to effectuate service of the amended complaint is March 23, 2015.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time for Discovery and Order (#40) is GRANTED.

IT IS FURTHER ORDERED that discovery is stayed in this case until April 21, 2015. A new discovery plan and scheduling order must be filed on or before April 22, 2015.

IT IS FURTHER ORDERED that Motion for Additional Time to Retain New Counsel (#43) is GRANTED. Defendant must either retain counsel or file a notice of appearing *pro se* by March 23, 2015.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing

…

…

…

…

…

party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

     IT IS SO ORDERED.

     DATED this 16th day of January, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE