**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

EXOBOX TECHNOLOGIES CORP.,

         Plaintiff,

vs.

ZACHARY TSAMBIS, *et al.*,

         Defendant.

2:14–cv–00501–RFB–VCF

**ORDER**

EXTENDING TIME TO SERVE SUMMONS AND COMPLAINT AND ALLOWING SERVICE BY PUBLICATION (#166 AND #168)

      This matter involves Exobox Technologies Corp. action against Defendants for alleged intentional interference with prospective economic advantage and civil conspiracy. (*See* Amended Compl. (#52 at 2[1]). Before the court are: (1) Plaintiff's motion to Extend Time to Serve Summons and Complaint (#166) and (2) Plaintiff's Motion to Allow Service by Publication (#168). To date, no oppositions have been filed by those defendants that have already appeared in this matter. This court has twice previously granted motions to extend time to serve summonses and amended complaint. (*See* #143 and #160). The period in which to serve Defendants expired on July 6, 2015. (#160). Plaintiff's motion was filed prior to the expiration. As discussed in more detail below, Plaintiff's motions are granted.

**DISCUSSION**

      Plaintiff's motions present two questions: (1) whether Plaintiff may have additional time to serve Defendants James Patrick Kerr ("Kerr"), Vicki Davis ("Davis"), and Stephen Thornton ("Thornton")

---

[1] Parenthetical citations refer to the court's docket.

1

(collectively referred to as "Defendants") personally and (2) whether Plaintiff may serve Defendants by publication. Both questions are addressed below.

### A. *Plaintiff's Motion for Additional Time to Serve Defendants is Granted*

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 120–day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* FED. R. CIV. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Generally, "good cause" is equated with diligence. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1337. In the Ninth Circuit, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules. *See National Union Fire Ins. Co. v. Monroe*, No. 10–cv–0385, 2011 WL 383807, at *1 (D. Nev. Feb. 2, 2011). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991)

Here, the Plaintiff has satisfied this standard. Plaintiff has diligently attempted to serve Defendant Kerr on March 21, 25, April 6, and April 16, 2015 at Kerr's last known address - 16418 La

Avenida Drive, Houston, Texas. (*See* #168 at 3:25-28). The process server telephoned Kerr on March 21, 2015. Plaintiff believes Kerr is actively avoiding service. In one instance, the process server waited for Kerr at his residence, but when Kerr saw the process server, he rapidly backed out of his driveway in his car. (*See id*. at 4:1-4).

Plaintiff has diligently attempted to serve Defendant Davis on March 12, 18, 21, April 6, and April 9, 2015 at Davis' last known address - 1603 Emerald Lake Court, Houston, Texas. (*See id*. at 4:8-13). The process server telephoned and left messages on Davis' home phone.

Plaintiff has diligently attempted to serve Defendant Thornton on March 11, 12, 14, April 6, 9, and April 16, 2015 at Thornton's last known address - 714 Heathgate Drive, Houston, Texas. (*See id*. at 4:19-27). Plaintiff believes Thornton is actively avoiding service.

This constitutes "diligence." Accordingly, the court grants Plaintiff an additional sixty days, up to and including September 22, 2015 to effectuate service of the Complaint and Summons on Defendants.

### *B.     Plaintiff's Motion to Serve Defendants by Publication is Granted*

Federal Rules of Civil Procedure do not expressly permit service by publication. Rule 4(e)(1), however, permits a plaintiff to serve a defendant "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible, Rule 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state,

or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." *Id*.

"A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service." *Id.* Nevada courts principally consider the number of attempts made by a plaintiff to serve a defendant at his or her residence and other methods of locating defendants, such as consulting public directories and family members. *Id*.; citing *Price v. Dunn*, 106 Nev. 100, 787 P.2d 785, 786–7 (Nev. 1990), *rev'd on other grounds*, *NC–DSH, Inc. v. Garner*, 125 Nev. 647, 651 n. 3, 218 P.3d 853 (2009); *Abreu v. Gilmer*, 115 Nev. 308, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1241 (Nev. 1994).

In *Price*, the Nevada Supreme Court found service by publication was not warranted, stating "where other reasonable methods exist for locating the whereabouts of a defendant, plaintiff should exercise those methods." 787 P.2d at 786–7. There, the plaintiff contacted the defendant's stepmother, and upon hearing that the defendant lived out of state, moved for service by publication. *Id*. at 105, 787 P.2d 785. The Price court held that, "although [plaintiff's] affidavit technically complies with NRCP 4(e)(1)(i), her actual efforts, as a matter of law, fall short of the due diligence requirement to the extent of depriving [defendant] of his fundamental right to due process." *Id*.

In contrast, in *Abreu*, the Nevada Supreme Court determined that the plaintiff exercised due diligence in attempting service because it made three attempts at the defendant's possible address and also consulted telephone company directories. *See* 115 Nev. at 311.

NRCP 4(e)(1)(iii) also requires that in addition to in-state publication, "where the present residence of the defendant is unknown the order may also direct that publication be made in a newspaper published outside the State of Nevada." *Id*. In cases "where the residence of a nonresident or absent

4

defendant is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the post office." *Id*.

Here, Plaintiff has met the threshold requirement of submitting an "affidavit." *See* NEV. R. CIV. P. 4(e)(1)(i). Although, Plaintiff has filed a "declaration," Nevada Revised Statute 53.045 allows a signed declaration under penalty of perjury in lieu of an affidavit. (*See Buckwalter v. Dist. Ct.,* 126 Nev. Adv. Op. 21, 234 P.3d 920, 922 (2010)). ("Interpreting the two statutes so as to give meaning to both, we conclude that a declaration that complies with NRS 53.045 can fulfill NRS 41A.071's affidavit requirement.").

Additionally, Plaintiff has at least met, if not exceeded the efforts displayed by the plaintiffs in *Abreu*. As mentioned above, the process server has diligently attempted to serve each of the Defendants multiple times at their last known address in Texas. The court finds that this is sufficient to permit service of process by publication under Nevada law. Accordingly, the court grants the Plaintiff's motion to serve Defendants by publication.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Exobox Technologies Corp.'s Motion to Extend Time (#166 and #168) is GRANTED. Plaintiff has an additional 60 days, up to and including September 22, 2015 to perfect service on James Patrick Kerr, Vicki Davis, and Stephen Thornton.

IT IS FURTHER ORDERED that Plaintiff Exobox Technologies Corp.'s motion to serve James Patrick Kerr, Vicki Davis, and Stephen Thornton by publication (#166 and #168) is GRANTED. Plaintiff has an additional 60 days, up to and including September 22, 2015 to complete the service of the Summons and Amended Complaint by publication.

IT IS FURTHER ORDERED that service of the Summons and Amended Complaint in this action be made upon James Patrick Kerr ("Kerr") by publication of the summons in a newspaper of general circulation in the area of Kerr's last known address (Houston, Texas) and in the Las Vegas

Review-Journal, a newspaper of general circulation in Las Vegas, Nevada, where this matter is currently pending. Said publications shall run once per week for four consecutive weeks. The service of summons and complaint shall be deemed complete upon the expiration of four weeks from the date of the first publication.

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of the Amended Complaint and Summons to Kerr via U.S. Mail to the last known address for Kerr as follows: 16418 La Avenida Drive, Houston, Texas 77062.

IT IS FURTHER ORDERED that service of the Summons and Amended Complaint in this action may be made upon Vick Davis ("Davis") by publication of the summons in a newspaper of general circulation in the area of Davis' last known address (Houston, Texas) and in the Las Vegas Review-Journal, a newspaper of general circulation in Las Vegas, Nevada, where this matter is currently pending. Said publications shall run once per week for four consecutive weeks. The service of summons and complaint shall be deemed complete upon the expiration of four weeks from the date of the first publication.

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of the Amended Complaint and Summons to Davis via U.S. Mail to the last known address for Davis as follows: 1603 Emerald Lake Court, Houston, Texas 77062.

IT IS FURTHER ORDERED that service of the Summons and Amended Complaint in this action may be made upon Stephen Thornton ("Thornton") by publication of the summons in a newspaper of general circulation in the area of Thornton's last known address (Houston, Texas) and in the Las Vegas Review-Journal, a newspaper of general circulation in Las Vegas, Nevada, where this matter is currently pending. Said publications shall run once per week for four consecutive weeks. The service of summons and complaint shall be deemed complete upon the expiration of four weeks from the date of the first publication.

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of the Amended Complaint and Summons to Thornton via U.S. Mail to the last known address for Thornton as follows: 714 Heathgate Drive, Houston, Texas 77062.

IT IS SO ORDERED.

DATED this 23rd day of July, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE