**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

EXOBOX TECHNOLOGIES CORP,

        Plaintiff,

vs.

ZACHARY TSAMBIS; *et.al.*,

        Defendants.

Case No. 2:14–cv–501–RFB–VCF

**<u>ORDER</u>**

    Before the court are Tsbamis's motion to compel (ECF No. 263), Exobox's reponse (ECF No. 269), and Tsambis's reply (ECF No. 272). For the reasons stated below, Tsambis's motion is denied.

**I. Discussion**

    "Neither the Federal Rules, Local Rules, nor Scheduling Order establishes a specific deadline for filing discovery motions." *Krause v. Nevada Mut. Ins. Co.*, No. 2:12-cv-342-JCM-CWH, 2014 WL 428675 at \*2 (D.Nev. Feb. 4, 2014). "It has, however, long been the policy in th[e] District [of Nevada] that, absent unusual circumstances, discovery motions should be filed before the scheduled date for filing dispositive motions." *Id.*

    In his motion to compel, Tsambis "requests the appearance of Exobox's true control person."[1] (ECF No. 263 at 20) The court interprets this as a request for the court to find that Exobox did not meet its obligation to provide an adequately knowledgeable and prepared corporate designee for Exobox's Rule 30(b)(6) deposition. Ordinarily, the court would read the transcript from the Rule 30(b)(6)

---

[1] Tsambis also made four other requests. (ECF No. 263) These requests include "help in determining the source of funds used to sue shareholder defendants" and render "null and void the appointment of Irvine as the Chief Executive [of Exobox]." (*Id.*) Such requests are not appropriate for a motion to compel.

1

deposition to determine if the witness's responses demonstrated a lack of preparation or knowledge. *Great American Ins. Co. of New York v. Vegas Const. Co. Inc.*, 251 F.R.D. 534, 542 (D.Nev. 2008).

However, this is not an ordinary situation. Dispositive motions were due on October 15, 2015. (ECF No. 149). Neither party moved to extend this deadline. The instant motion was filed on February 1, 2017, approximately fifteen months after the deadline to file dispositive motions. (ECF No. 263). Even after Exobox brought this substantial delay to Tsambis's attention, (ECF No. 269), he still did not address why he waited over a year to file his motion to compel.[2] (ECF No. 272)

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Tsambis's motion to compel (ECF No. 263) is DENIED.

IT IS SO ORDERED.

DATED this 9th day of March, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] As best the court can gather, Tsambis argues that any delay should be excused due to his *pro se* status. (*Id.*) Tsambis was allowed to proceed *pro se* in December 12, 2016. Even if Tsambis needed time to personally review the discovery after assuming *pro se* status, it still would not excuse a nearly three-month delay in bringing his motion to compel, especially after discovery had closed and the dispositive motion deadline had passed. *See Agarwal v. Oregon Mut. Ins. Co.*, No. 2:11-cv-1384-LDG-CWH, 2013 WL 211093 at \*5 (Jan. 18, 2013); *see also Christmas v. MERS*, No. 2:09-cv-1389-RLH-GWF, 2010 WL 2695662 at \*2 (D.Nev. July 2, 2010).